UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-02137-R-MRW | Date | 07-12-19 |
|---|---|---|---|
| Title | *Matthew Boermeester v. University of Southern California., et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Christine Chung | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Defendants' Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Special Motion to Strike the Fourth, Fifth, Sixth and Seventh Claims for Relief (DE 21)**

## I. INTRODUCTION

On March 21, 2019, Plaintiff Matthew Boermeester ("Plaintiff") filed a Complaint asserting causes of action for (1) Title IX—erroneous outcome, (2) Title IX—selective enforcement, (3) 14th Amendment procedural due process, (4) breach of contract, (5) promissory estoppel, (6) negligence, and (7) intentional infliction of emotional distress against Defendants University of Southern California, Gretchen Dahlinger Means, and Dr. Ainsley Carry (collectively, "Defendants").

Presently before the Court is Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court **DENIES** the Motion and **ORDERS** that this case be stayed.

## II. Factual Background

The facts alleged are as follows. In January 2017, University of Southern California's ("USC") Men's Tennis Coach reported an incident between Plaintiff and Zoe Katz ("Katz"), a senior at USC. Defendants allege that on the night of January 21, 2017, Plaintiff and Katz were returning to Katz's off-campus residence, when another student saw Plaintiff put his hands around Katz's neck and shove her into a wall. When the incident was reported to USC's Title IX office, USC began an investigation and temporarily suspended Plaintiff from campus, classes, and all USC activities. Plaintiff and Katz both repeatedly denied that any intimate partner violence had occurred and said they were simply joking around in an intimate manner at the time of the alleged incident. USC investigated the incident and expelled Plaintiff in 2017.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-02137-R-MRW | Date | 07-12-19 |
|---|---|---|---|
| Title | **Matthew Boermeester v. University of Southern California., et al.** | | |

Plaintiff filed a Verified Petition for Writ of Mandamus (the "Petition") in state court on August 11, 2017, which was denied and is currently under appeal. Plaintiff then filed an action with this Court on March 21, 2019, seeking damages and injunctive relief based on the above seven claims.

### III.     JUDICIAL STANDARD

District courts have the inherent power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether to issue a stay, the Court must weigh certain "competing interests," including harm that may result from a stay, hardship that may result from requiring the parties to go forward, and the orderly course of justice. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). "The existence of another proceeding that may have a substantial impact on a pending case is a particularly compelling reason to grant a stay." *Doyle v. OneWest Bank, N.A.*, 2015 WL 4605776, at *3 (C.D. Cal. May 21, 2015).

### IV.     DISCUSSION

Defendants argue that the Court should dismiss all seven of Plaintiff's claims under three theories: (1) Plaintiff's appeal of his state court Petition is still pending, and, therefore, he has not exhausted his judicial remedies; (2) Plaintiff failed to state facts sufficient to constitute legally cognizable claims; and (3) the Court should dismiss Plaintiff's third claim for relief because Plaintiff cannot establish that Defendants engaged in state action (an essential element of that claim). Additionally, Defendants contend that the Court should strike Plaintiff's fourth, fifth, sixth, and seventh claims for relief pursuant to Section 425.16 of California Code of Civil Procedure (anti-SLAPP statue). Plaintiff disputes each of Defendants' arguments to dismiss or strike his claims and additionally argues that this case should be stayed pending the state appellate court's decision on his Petition, since otherwise he would be barred from refiling by the applicable statute of limitations.

The Court finds that a stay is appropriate in this case given that the statute of limitations would otherwise bar Plaintiff from bringing this action, and because resolution of the state court proceeding concerning the Petition may have a substantial impact on this case. Accordingly, the Court declines to consider Defendants' arguments to dismiss or strike Plaintiff's claims at this time.

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-02137-R-MRW | Date | 07-12-19 |
|---|---|---|---|
| Title | *Matthew Boermeester v. University of Southern California., et al.* | | |

## V.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Dismiss (DE 21) and **ORDERS** that this case be stayed pending the state appellate court's decision on Plaintiff's Petition for Writ of Mandamus.

**IT IS SO ORDERED.**

|  | 0 : 00 |
|---|---|
| Initials of Preparer | cch |