KAREN J. PAZZANI (State Bar No. 252133)
kpazzani@psemploymentlaw.com
PAZZANI & SANDHU LLP
700 N. Central Avenue, Suite 460
Glendale, CA 91203
Telephone: (213) 362-1860
Facsimile: (213) 362-1861

Attorneys for Defendants
UNIVERSITY OF SOUTHERN CALIFORNIA,
GRETCHEN DAHLINGER MEANS, individually and in her official capacity, and AINSLEY CARRY, individually and in his official capacity

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MATTHEW BOERMEESTER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA, GRETCHEN DAHLINGER MEANS, individually and in her official capacity, and Dr. AINSLEY CARRY, individually and in his official capacity,<br><br>　　　　Defendants. | Case No. 2:19-cv-02137-VAP-MRW<br><br>**FOURTEENTH JOINT STATUS REPORT** |

Pursuant to the Court's August 21, 2020 Minute Order Requiring Parties to File Status Report, Plaintiff MATTHEW BOERMEESTER ("Plaintiff"), and Defendants UNIVERSITY OF SOUTHERN CALIFORNIA, GRETCHEN DAHLINGER MEANS, individually and in her official capacity, and AINSLEY CARRY, individually and in his official capacity, (collectively "Defendants") by and through their respective counsel, submit this joint status report:

On May 28, 2020, the Court of Appeal for the State of California issued an opinion directing the Superior Court to reverse its decision denying Plaintiff's Petition for Writ of Administrative Mandate ("Petition") against University of Southern California and Ainsley Carry ("Respondents").  On September 16, 2020, the Supreme Court of California granted Respondents' Petition for Review of the Court of Appeal's decision.  The Supreme Court of California also ordered the Court of Appeal's decision to be depublished.

On July 31, 2023, the Supreme Court of California issued an opinion reversing the Court of Appeal's judgment and remanding the matter back to the Court of Appeal to consider issues raised on appeal that it had previously expressly declined to reach.  The Court of Appeal set oral argument on January 23, 2024.

**Defendants' Position.**

Defendants respectfully request that the stay issued on July 12, 2019 remain in effect until such time as the California State court reaches a final decision on Plaintiff's Petition.  The stay was issued because this Court determined that resolution of the Petition was likely to have a significant impact on this case.  (Dkt # 38, p. 2.)  That remains true.

In connection with the Petition, the California State court is still considering whether Plaintiff received a fair administrative proceeding consistent with the common law and whether USC's findings are supported by the evidence.  Resolution of these issues is integral to the claims in Plaintiff's Complaint.

Plaintiff's third claim, for purported denial of fourteenth amendment procedural due process, is premised on his assertion that USC's investigation did not provide him with a fair process consistent with the common law right to a fair hearing. (Compl. ¶ 220, 231, 237-246.) The California State court's final decision on the Petition will clarify the scope of the common law right to a fair procedure and therefore certainly have an impact on Plaintiff's third claim.

Similarly, Plaintiff's claims for violation of Title IX, breach of contract, promissory estoppel, negligence, and intentional infliction of emotional distress are all premised on Plaintiff's assertion that USC's investigation was unfair. (Compl. ¶¶ 170, 171 (iv)-(v), 261, 268, 278, 283.) The California State court's decision is likely to inform the Court's view of these claims and the issues, if any, subject to discovery. Thus, a stay is appropriate and should not be lifted, particularly based solely on the brief statement of the parties' position in this Joint Report. *Leyva v. Certified Grocers of California, Ltd.* 593 F.2d 857, 863–864 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.")

### Plaintiff's Position.

Plaintiff respectfully objects to the delay in this case and requests that the stay issued on July 12, 2019 be lifted and the Court permit the instant litigation to proceed. Plaintiff exhausted his judicial remedies by asserting a cause of action under Code Civ. Proc., § 1094.5. See *Doe v. Cal. Inst. of Tech.*, No. 18-09178, 2019 WL 4238888, at *3 (C.D. Cal. Apr. 30, 2019) ("Plaintiff has exhausted his judicial remedies by asserting a cause of action under § 1094.5 in the FAC, and this Court

maintains jurisdiction over Plaintiff's federal claims at this time.")  The issues pending before the California State court are not likely to have a substantial impact on Plaintiff's claims that he was discriminated against on the basis of his sex (see *Doe v. Regents of the Univ. of Cal.*, 23 F.4th 930, 937-941 (9th Cir. 2022), nor his claims of denial of Due Process under the Fourteenth Amendment, breach of contract, promissory estoppel, negligence, and intentional infliction of emotional distress.

DATED:  January 10, 2024   MARK M. HATHAWAY, ESQ.
JENNA E. PARKER, ESQ.
HATHAWAY PARKER

ANDREW T. MILTENBERG, ESQ.
STUART BERNSTEIN, ESQ.
TARA J. DAVIS, ESQ.
NESENOFF & MILTENBERG LLP

By:  /s/ Mark M. Hathaway
MARK M. HATHAWAY
Attorneys for Plaintiff
MATTHEW BOERMEESTER

DATED:  January 10, 2024   KAREN J. PAZZANI
PAZZANI & SANDHU LLP

By:   /s/ Karen J. Pazzani**
KAREN J. PAZZANI
Attorneys for Defendants
UNIVERSITY OF SOUTHERN CALIFORNIA, GRETCHEN DAHLINGER MEANS, individually and in her official capacity, and AINSLEY CARRY, individually and in his official capacity

**Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

# CERTIFICATE OF SERVICE

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of 18 and not a party to the within action. My business address is 700 N. Central Ave., Suite 460, Glendale, California 91203.

On January 10, 2024, I hereby certify that I electronically filed the foregoing document described/listed below with the Clerk of the Court for the United States District Court, Central District of California. Participant(s) in the case who are registered users will be served by the CM/ECF system, electronically transmitted, and served the foregoing document(s) described as: **FOURTEENTH JOINT STATUS REPORT.**

| | |
|---|---|
| Mark Hathaway, Esq.<br>Jenna E. Parker, Esq.<br>HATHAWAY PARKER<br>445 S. Figueroa Street, 31st Floor<br>Los Angeles, CA 90071<br>Tel.: (213) 529-9000<br>Email: mark@hathawayparker.com<br>Email: jenna@hathawayparker.com | Representing Plaintiff<br>MATTHEW BOERMEESTER |
| Andrew T. Miltenberg, Esq.<br>Stuart Bernstein, Esq.<br>Tara J. Davis, Esq.<br>NESENOFF & MILTENBERG LLP<br>363 Seventh Avenue, Fifth Floor<br>New York, New York 10001<br>Tel.: (212) 736-4500<br>Email: amiltenberg@nmllplaw.com<br>Email: sbernstein@nmllplaw.com<br>Email: tdavis@nmllplaw.com | Representing Plaintiff<br>MATTHEW BOERMEESTER |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 10, 2024, at Glendale, California.

_____
Patty Flores