NESENOFF & MILTENBERG, LLP
ANDREW T. MILTENBERG, Esq. (admitted *pro hac vice*)
amiltenberg@nmllplaw.com
STUART BERNSTEIN, Esq. (admitted *pro hack vice*)
sbernstein@nmllplaw.com
TARA J. DAVIS, Esq. (admitted *pro hac vice*)
tdavis@nmllplaw.com
363 Seventh Avenue, Fifth Floor
New York, New York 10001
Telephone:   (212) 736-4500

HATHAWAY PARKER
MARK HATHAWAY, Esq.
mark@hathawayparker.com
JENNA E. PARKER, Esq.
jenna@hathawayparker.com
445 S. Figueroa Street, 31st Floor
Los Angeles, California 90071
Telephone: (213) 529-9000

*Attorneys for Matthew Boermeester*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MATTHEW BOERMEESTER,<br><br>      Plaintiff,<br><br>v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA, GRETCHEN DAHLINGER MEANS, individually and in her official capacity, and Dr. AINSLEY CARRY, individually and in his official capacity,<br><br>      Defendants. | Case No.: 2:19-cv-02137-CJC-MRWx<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION TO VACATE ORDER OF DISMISSAL AND REINSTATE THE CASE** |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION TO VACATE ORDER OF DISMISSAL AND REINSTATE THE CASE

1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff MATTHEW BOERMEESTER applies ex parte for an order to vacate the order of dismissal that was entered in this case on February 28, 2024. This application is made under the provisions of Federal Rule of Civil Procedure 60(a), on the grounds that the order of dismissal was made in error and the case should be reinstated.

## II.    STATEMENT OF FACTS

### A.    Mr. Boermeester's State Court Action

On August 11, 2017, Mr. Boermeester filed a petition for a writ of administrative mandate pursuant to California Code of Civil Procedure § 1094.5 in the Superior Court of the State of California for the County of Los Angeles against Respondents the University of Southern California ("USC") and Dr. Ainsley Carry, USC's Vice President for Student Affairs.  Declaration of Mark M. Hathaway ("Decl. Hathaway"), ¶ 3. Mr. Boermeester argued that the process leading to his expulsion from USC violated his right to fairness and due process. *Id*.

On April 12, 2018, the state trial court denied Mr. Boermeester's writ petition. Decl. Hathaway ¶ 4.

On June 14, 2018, Mr. Boermeester appealed the trial court decision to the Court of Appeal of California, Second Appellate District, Division Eight. Decl. Hathaway ¶ 5.

On May 28, 2020, the state appellate court granted Mr. Boermeester's writ petition. Decl. Hathaway ¶ 6.

On July 6, 2020, Respondents filed their petition for review to the Supreme Court of California. Decl. Hathaway ¶ 7.

On September 16, 2020, Respondents' petition for review was granted. Decl. Hathaway ¶ 8.

On July 31, 2023, the California Supreme Court reversed the appellate court judgment and remanded the matter to the state appellate court to decide several remaining issues. *Boermeester v. Carry*, 15 Cal.5th 72 (2023); Decl. Hathaway ¶ 9.

On October 30, 2023, Mr. Boermeester filed a Petition for Writ of Certiorari to the United States Supreme Court to challenge the California Supreme Court opinion, but certiorari was denied. Decl. Hathaway ¶ 10.

On January 23, 2024, the state appellate court heard oral argument on Mr. Boermeester's Petition for Writ of Mandamus. Decl. Hathaway ¶ 11.

On March 7, 2024, the state appellate court issued its opinion affirming the trial court's denial of Mr. Boermeester's Petition for Writ of Mandamus. *Boermeester v. Carry*, __ Cal. App. 5th __ (2024); Decl. Hathaway ¶ 12.

## B.    Mr. Boermeester's Federal Court Action

On March 21, 2019, Mr. Boermeester filed a Complaint against Defendants USC, Gretchen Dahlinger Means, individually and in her official capacity, and Dr. Ainsley Carry, individually and in his official capacity, (collectively "Defendants"), asserting causes of action for (1) Title IX—erroneous outcome, (2) Title IX—selective enforcement, (3) 14th Amendment procedural due process, (4) breach of contract, (5) promissory estoppel, (6) negligence, and (7) intentional infliction of emotional distress against Defendants. Dkt. 1; Decl. Hathaway ¶ 13.

On April 17, 2019, Defendants filed their Motion to Dismiss Case Pursuant To FRCP 12(B)(6) Or, In The Alternative, Special Motion To Strike The Fourth, Fifth, Sixth, And Seventh Claims For Relief Pursuant To CCP § 425.16 ("Motion"). Dkt. 21; Decl. Hathaway ¶ 14. Defendants argued, *inter alia*, that Mr. Boermeester's claims should be dismissed because Mr. Boermeester had failed to exhaust his judicial remedies since his Petition for Writ of Mandate remained pending in state appellate court at that time. Dkt. 21-1; Decl. Hathaway ¶ 14.

On May 23, 2019, Mr. Boermeester opposed Defendants' Motion, arguing that he had exhausted his judicial remedies by filing a Petition for Writ of Mandamus in state court, and as such, his federal action should either proceed or be stayed. Dkt. 32; Decl. Hathaway ¶ 15.

On July 12, 2019, the Court denied Defendants' Motion and stayed this action

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION TO VACATE ORDER OF DISMISSAL AND REINSTATE THE CASE

3

pending the outcome of the state appellate court decision on Mr. Boermeester Petition for Writ of Mandamus. Dkt. 38; Decl. Hathaway ¶ 16.

On August 21, 2020, the Court issued a minute order requiring Mr. Boermeester and Defendants to file a status report no later than September 14, 2020, and to file a status report every ninety days thereafter, unless otherwise ordered by the Court. Dkt. 44; Decl. Hathaway ¶ 17.

The parties subsequently filed fourteen (14) joint status reports between August 27, 2020, and January 10, 2024. Dkt. 45, 47-50, 53-55, 57-58, 60-62, 64; Decl. Hathaway ¶ 18.

On February 8, 2024, the parties were informed that this case was reassigned to the Honorable Cormac J. Carney. Dkt. 65; Decl. Hathaway ¶ 19.

On February 28, 2024, the Court *sua sponte* issued a minute order stating that the case should have been closed on entry dated July 12, 2019. Dkt. 67; Decl. Hathaway ¶ 20.

As stated above, shortly thereafter on March 7, 2024, the state appellate court issued its opinion affirming the trial court's denial of Mr. Boermeester's Petition for Writ of Mandamus. *Boermeester v. Carry*, __ Cal. App. 5th __ (2024); Decl. Hathaway ¶ 12. The state court proceedings on Mr. Boermeester's Petition for Writ of Mandamus are now complete. Decl. Hathaway ¶ 21. Having exhausted his judicial remedies, Mr. Boermeester is prepared to proceed to trial in this case. *Id*. The Court should vacate the dismissal order, reinstate the case, lift the stay order imposed on July 12, 2019, and allow this matter to proceed to trial.

## III.   LEGAL ARGUMENT

Pursuant to Federal Rule of Civil Procedure 60(a), "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Mr. Boermeester respectfully submits that the Court's dismissal of this case on February 28, 2024, was due to an oversight or omission, which the Court should rectify by setting aside the dismissal order and

1    reinstating the case.

2         The Court's February 28, 2024 order states, "Case should have been closed on

3    entry dated 07/12/2019 Dkt. 38." However, the July 12, 2019 order did not dismiss the

4    case, it dismissed Defendants' Motion to Dismiss Case Pursuant To FRCP 12(B)(6) Or,

5    In The Alternative, Special Motion To Strike The Fourth, Fifth, Sixth, And Seventh

6    Claims For Relief Pursuant To CCP § 425.16, and ordered the case to be stayed pending

7    the resolution of Mr. Boermeester's state court case. The Court found the stay to be

8    appropriate in this case because "the statute of limitations would otherwise bar Plaintiff

9    from bringing this action, and because resolution of the state court proceeding concerning

10   the Petition may have a substantial impact on this case." Dkt. 38. As of March 8, 2024,

11   the state court proceeding on Mr. Boermeester's Petition for Writ of Mandamus is now

12   final. Mr. Boermeester is prepared to proceed to trial in this case.

13        It is often recognized that, because dismissal is a harsh penalty, it is authorized

14   only in extreme circumstances. *Johnson v. United States Dep't of Treasury*, 939 F.2d

15   820, 825 (9th Cir. 1991). The circumstances here do not warrant dismissal. Neither Mr.

16   Boermeester nor his attorneys have failed to comply with a Court order, nor have they

17   engaged in any misconduct or disobedience, nor have they missed a deadline imposed by

18   the Court. Moreover, since this Court ordered the proceedings stayed on July 12, 2019,

19   Mr. Boermeester has diligently prosecuted this case and the state court case through the

20   state appellate court, to the California Supreme Court, to the United States Supreme

21   Court, and back to the state appellate court.

22        There has been no willful delay or inactivity in this case. Mr. Boermeester has

23   complied with the Court's August 21, 2020, order requiring the parties to file joint status

24   reports every ninety days. Dkt. 44. The parties have filed fourteen (14) joint status reports

25   since August 27, 2020, with the most recent status report being filed on January 10, 2024.

26   Dkt. 45, 47-50, 53-55, 57-58, 60-62, 64.

27        Public policy strongly favors resolution of this action on the merits. Furthermore,

28   the Ninth Circuit recognizes that district court judges have an "obligation to warn the

plaintiff that dismissal is imminent." *Hamilton v. Neptune Orient Lines, Ltd.*, 811 F.2d 498, 500 (9th Cir. 1987). Mr. Boermeester had no warning that dismissal was imminent, nor that any action was required of him to avoid dismissal of this action.

Having exhausted his judicial remedies in state court, Mr. Boermeester is prepared to proceed to trial. The Court should vacate the dismissal order, reinstate the case, lift the stay order imposed on July 12, 2019, and allow this matter to proceed to trial.

## IV.   COMPLIANCE WITH EX PARTE RULES

Local Rule 7-19 provides, "An application for an ex parte order shall be accompanied by a memorandum containing, if known, the name, address, telephone number and e-mail address of counsel for the opposing party, the reasons for the seeking of an ex parte order, and points and authorities in support thereof. An applicant also shall lodge the proposed ex parte order."

The name, address, telephone number, and e-mail address of counsel for Defendants is as follows:

Karen J. Pazzani
Pazzani & Sandhu LLP
700 N. Central Avenue, Suite 460
Glendale, CA 91203
Tel:  213.362.1860
kpazzani@psemploymentlaw.com

Notice of the date and substance of the proposed ex parte application was provided orally and in writing to Defendants' counsel on March 20, 2024. Decl. Hathaway ¶ 2. Defendants' counsel indicated that Defendants oppose the application. *Id*.

Mr. Boermeester seeks an order vacating the dismissal on an ex parte basis because pursuant to the Federal Rules of Appellate Procedure, Rule 4(a)(1)(A), the deadline for Mr. Boermeester to appeal the Court's February 28, 2024, dismissal order is 30 days from the date of entry of the order, or by March 29, 2024. If an appeal is filed, the Court will lose jurisdiction to decide this issue. By applying ex parte for an order vacating the

dismissal, Mr. Boermeester hopes to avoid unnecessary appellate proceedings in this matter, thereby conserving judicial resources. There is not sufficient time to file a noticed motion to vacate the dismissal in this matter before March 29, 2024.

Mr. Boermeester provides this memorandum of points and authorities in support of his ex parte application and lodges a proposed ex parte order with this memorandum.

## V.   CLOSING

For the foregoing reasons, Plaintiff respectfully requests that the Court issue an order vacating the order of dismissal that was entered in this case on February 28, 2024, and reinstate the case. Because the state court proceeding on Mr. Boermeester's Petition for Writ of Mandamus is now final, the Court should also issue an order to lift the stay imposed on July 12, 2019, and allow this matter to proceed to trial.

DATED:  March 22, 2024             Mark M. Hathaway, Esq.
                                   Jenna E. Parker, Esq.
                                   HATHAWAY PARKER

                                   Andrew T. Miltenberg, Esq.
                                   Stuart Bernstein, Esq.
                                   Tara J. Davis, Esq.
                                   NESENOFF & MILTENBERG LLP

                                   By:  /s/ Mark Hathaway
                                        Mark M. Hathaway
                                        Attorneys for Plaintiff
                                        MATTHEW BOERMEESTER

CERTIFICATE OF SERVICE

I am a citizen of the United States and employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 445 South Figueroa Street, 31st Floor, Los Angeles, CA 90071.

On March 22, 2024, I certify that I electronically filed and served the foregoing document described as MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION TO VACATE ORDER OF DISMISSAL AND REINSTATE THE CASE with the Clerk of the Court for the United States District Court, Central District of California and on all Participants in the case who are registered users of the CM/ ECF system by transmitting a true copy thereof:

Karen Pazzani
Pazzani & Sandhu LLP
1150 South Olive Street, Suite 1800
Los Angeles, CA  90015
Telephone: (213) 362-1860
Facsimile: (213) 362-1861
E-mail: kpazzani@yzllp.com
ATTORNEYS FOR DEFENDANTS

☐    **BY FACSIMILE TRANSMISSION** from FAX number (213) 529-0783 to the fax number set forth above.  The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine.  Pursuant to Rule 2005(i), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

☐    **BY MAIL** by placing a true copy thereof enclosed in a sealed envelope addressed as set forth above.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐    **BY PERSONAL SERVICE** by delivering a copy of the document(s) by hand to the addressee or I caused such envelope to be delivered by messenger or process server.

☐    **BY EXPRESS SERVICE** by depositing in a box or other facility regularly maintained by the express service carrier or delivering to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served.

☒    **BY ELECTRONIC TRANSMISSION** by transmitting a PDF version of the document(s) by electronic mail to the party(s) identified on the service list using the e-mail address(es) registered with the CM/ ECF system.

☐    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒    I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.
\
Executed on March 22, 2024 in Los Angeles, California          ___/s/ Mark Hathaway_____
                                                                                                    Mark Hathaway

_____
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION
TO VACATE ORDER OF DISMISSAL AND REINSTATE THE CASE